UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES EDWARD FOLLIS,

                    Plaintiff,

        v.

PIERCE COUNTY SHERIFF
BAKER and PIERCE COUNTY
SHERIFF'S DEPARTMENT et al,

                    Defendants.

CASE NO. 3:17-cv-05644-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 19, 2018

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff Charles Edward Follis brings this action *pro se* and *in forma pauperis*.

Defendants have moved for partial dismissal of plaintiff's action, arguing that plaintiff has named an improper defendant, that some of his claims rely on inapplicable law under § 1983, and that he otherwise states several claims for which no relief can be granted. The Court agrees. Defendants' motion should be granted and plaintiff's action should be dismissed in part. The remaining claims may proceed.

1

## BACKGROUND and PROCEDURAL HISTORY

2      Plaintiff, an inmate in the custody of the Washington Department of Corrections (*see*

3   Dkt. 17), challenges the circumstances surrounding his arrest for attempting to allude a police

4   vehicle, obstruction of justice, failure to have an interlock device, and driving under a suspended

5   or revoked license. He alleges that defendant Pierce County Deputy Baker used excessive force

6   when he handcuffed plaintiff and subsequently allowed a dog from a police K-9 unit to attack

7   him, causing an injury that required four stitches. Dkt. 7 at 1. He further alleges that his wound

8   was reopened when medical staff prematurely removed his stitches. *Id*. at 2. He claims that

9   defendant Baker filed a false report, neglecting to include information about the alleged assault

10  and further claims that, based on other false information in the report, he was unlawfully

11  separated from his "long time fiancée," non-party Angela Dorsey. *Id*. at 3. Finally, he claims

12  defendant Baker made improper sexual advances toward non-party Dorsey and that these

13  actions, taken together, "rise[] to the level of criminal conspiracy." *Id*. He brings these claims

14  under 42 U.S.C. § 1983 and the "'Declaration of Human Rights,' mandated by the United

15  Nations to preserve the rights of all human beings." *Id*. at 1. He requests relief in the form of $10

16  million in compensatory damages, $10 million for "pain, suffering, and humiliation," and $10

17  million in consequential damages. *Id*. at 4.

18      Plaintiff filed this action in August of 2017. Dkt. 1. After the Court granted plaintiff's

19  motion to proceed *in forma pauperis* (Dkt. 6) and served plaintiff's complaint (Dkt. 9),

20  defendants filed a motion to dismiss in part for failure to state a claim (Dkt. 14). Defendants

21  challenge plaintiff's inclusion of the Pierce County Sheriff's Department as a defendant,

22  plaintiff's claims under the Declaration of Human Rights, his claims pertaining to non-party

23

24

1  Dorsey, and his criminal conspiracy claim. *Id*. Plaintiff did not file a response and defendant's

2  filed a reply. Dkt. 18.

3  **STANDARD OF REVIEW**

4      A complaint must contain a "short and plain statement of the claim showing that the

5  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of

6  the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

7  allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell*

8  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint

9  and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v.*

10  *United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a

11  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

12  theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

13      When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less

14  stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US

15  519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th

16  Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

17  **DISCUSSION**

18      To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1)

19  the alleged infringement must have been proximately caused by a person acting under color of

20  state law and (2) defendants' conduct must have deprived the plaintiff of rights, privileges or

21  immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S.

22  527 (1981). A third element of causation is implicit in the second element. *See Mt. Healthy City*

23  *School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d

24

1386, 1390-91 (9th Cir. 1980), *cert denied*, 449 U.S. 875 (1980). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In addition, the Court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). However, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp*, 844 F.2d 646, 649 (9th Cir. 1988) (quoting *MGIC Inem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Therefore, the Court takes judicial notice of the information (Dkt. 15-1), declaration for determination of probable cause (Dkt. 15-2), and order establishing conditions of relief (Dkt. 15-3) originally filed in plaintiff's criminal prosecution, and subsequently filed with defendants' declaration (Dkt. 15). The Court will consider those documents in making a recommendation on defendants' motion.

Under Local Rule 7, plaintiff's failure to respond to a motion to dismiss "may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Even in *pro se* cases, the Western District of Washington has taken a failure to respond to a motion as admission of its merit. *See Sutch v. World Savings Bank*, 2017 WL 202161 at *1 (W.D. Wash. 2017) (considering a failure to respond as an admission that the motion has merit); *Fuller v. Seattle Police Dep't*, 2016 WL 7375302 at *2 (W.D. Wash. 2016) (finding that failure to respond rendered all defendant's undisputed facts true for the purpose of the motion). Therefore, construing plaintiff's complaint liberally and providing him the benefit of the doubt, the Court

takes plaintiff's failure to respond as an admission that defendants' motion has merit, and will

nonetheless analyze defendants' motion on the merits.

### I.    Improper Defendant

Plaintiff names the Pierce County Sheriff's Department as a defendant in this action. 42

U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition

includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436

U.S. 658, 690 (1978). However, courts have held that to bring an appropriate § 1983 action,

plaintiff "must name the county or city itself as party to the action, and not the particular

municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver

Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017); *see also Vance v. Santa Clara Co.*, 928 F.

Supp. 993, 996 (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central County Jail*, 2017 WL

4960221 at *3 (S.D. Cal. 2017); *Greenfield v. Brenner*, 2006 WL 776772 at *5 (E.D. Wash.

2006).

Here, the Pierce County Sheriff's Department cannot be held liable under § 1983. The

Sheriff's Department is an arm of Pierce County -- a municipality. Though plaintiff could name

Pierce County as a defendant, he cannot name a county department like the Sheriff's department.

Plaintiff has not properly stated a claim against Pierce County. Therefore, the Court recommends

dismissing defendant Pierce County Sheriff's Department from the action.

### II.    Claim Under Universal Declaration of Human Rights

Plaintiff broadly states the he is seeking relief under the Universal Declaration of Human

Rights. However, federal courts do not recognize a cause of action for state prisoners based on

that Declaration. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004); *Serra v. Lappin*, 600

F.3d 1191, 1196-97 n. 5 (9th Cir. 2010). Plaintiff cannot use the Declaration as a foundation for relief here. Therefore, this claim should also be dismissed.

### III.    Claims Relating to Angela Dorsey

Defendants argue that plaintiff's allegations about defendant Baker's sexual advances toward non-party Dorsey are not sufficient to support a claim under § 1983. To have standing in federal court, a plaintiff must demonstrate how the actions of a defendant allegedly injured plaintiff in an actual, concrete way. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate injury from a violation of the Constitution or other federal law by a state actor. Here, plaintiff has failed to do so. He alleges that defendant Baker sexually propositioned non-party Dorsey and make sexual comments toward her after he drove her to her home. He also alleges that he was unlawfully separated from her by court order. However, he has not demonstrated how this violated any of plaintiff's constitutional rights or other facet of federal law. Plaintiff was not himself sexually harassed and he was routinely ordered not to contact non-party Dorsey because she was a potential witness in his criminal prosecution, not because of any false statements made by defendant Baker. Dkt. 15-3 at 3. Because of this, plaintiff has not pled facts sufficient to support a claim under § 1983. The claims should be dismissed.

### IV.    Criminal Conspiracy Claim

Plaintiff finally claims that defendants' actions are so egregious that they rise "to the level of criminal conspiracy." Dkt. 7 at 3. However, as defendants note, this is a civil action and not the appropriate forum for criminal allegations. Though plaintiff may raise a conspiracy claim under 42 U.S.C. § 1985 if he is able to show both collusion and a discriminatory intent behind the alleged constitutional deprivation, he has not done so here. Therefore, the Court recommends

REPORT AND RECOMMENDATION - 6

1  dismissing plaintiff's conspiracy claim insofar as it purports to raise criminal charges rather than

2  civil claims under 42 U.S.C. § 1983.

3  **CONCLUSION**

4      For the reasons set forth above, the Court recommends the above noted claims be

5  dismissed. The Court notes that plaintiff has alleged other claims that are not affected by this

6  recommendation.

7      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

8  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

9  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

10  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

11  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

12  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

13  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 19,**

14  **2018** as noted in the caption.

15      Dated this 27th day of December, 2017.

16

17  J. Richard Creatura
    United States Magistrate Judge
18

19

20

21

22

23

24