1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

CHARLES EDWARD FOLLIS,

11

Plaintiff,

12

v.

13

BAKER,

14

Defendant.

CASE NO. 3:17-cv-05644-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 2, 2018

15

16

17

18

19

20

21

22

23

24

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Charles Edward Follis alleges his Fourth and Fourteenth Amendment rights were violated when he was bitten by a police dog, when the stiches he received after the bite were removed prematurely, and when defendant Pierce County Deputy Sheriff Baker allegedly filed a false police report. However, plaintiff cannot show that defendant Baker was integrally involved in the events that led to plaintiff's dog bite, nor that the amount of force used in that interaction was unreasonable. Further, he cannot show that defendant Baker had any involvement

1   in removing plaintiff's stitches and plaintiff has provided nothing but bald allegations that

2   defendant Baker's report was falsified. Therefore, plaintiff has not shown that there is a dispute

3   of material fact as to any of his claims and the Court recommends defendant Baker's motion for

4   summary judgment (Dkt. 31) be granted.

5   **BACKGROUND and PROCEDURAL HISTORY**

6   Plaintiff filed this action in August of 2017. Dkt. 1. He initially alleged that his rights

7   were violated when he was "assaulted" by a police dog, when his stiches resulting from that

8   incident were removed prematurely, when defendant Baker filed a false police report, and when

9   defendant Baker allegedly made sexual advances on plaintiff's fiancée, non-party Angela

10  Dorsey. Dkt. 7. He also claimed that his allegations amount to criminal conspiracy. *Id*. He argued

11  that his rights under the Constitution and the "Declaration of Human Rights" were violated. *Id*.

12  Plaintiff named only defendant Baker and the Pierce County Sheriff's Department as defendants.

13  *Id*.

14  After defendants filed a motion to dismiss, Dkt. 14, the Court recommended that

15  plaintiff's claims against the Pierce County Sheriff's Department, the claims pertaining to non-

16  party Dorsey, the claims under the "Declaration of Human Rights," and plaintiff's criminal

17  conspiracy claim be dismissed, Dkt. 19. The Honorable Ronald B. Leighton adopted that

18  recommendation. Dkt. 24. Thus, the only claims remaining in this case are the allegations against

19  defendant Baker, including the allegation that he "assaulted" plaintiff with a police dog, that

20  plaintiff's stitches were removed prematurely, and that defendant Baker filed a false police

21  report.

22  Defendant Baker has now filed a motion for summary judgment as to those remaining

23  claims. Dkt. 31. Plaintiff has not filed opposition to that motion. *See* Dkt.

24

1 || **STANDARD OF REVIEW**

2 ||     The purpose of summary judgment is to avoid unnecessary trials when there is no dispute

3 || over the material facts before the court and the moving party is entitled to judgment as a matter

4 || of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*

5 || *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990).  The moving party is entitled

6 || to summary judgment if the evidence produced by the parties permits only one conclusion.

7 || *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  Where there is a complete failure of

8 || proof concerning an essential element of the non-moving party's case on which the nonmoving

9 || party has the burden of proof, all other facts are rendered immaterial, and the moving party is

10 || entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986);

11 || *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the

12 || substantive evidentiary burden"). However, when presented with a motion for summary

13 || judgment, the court shall review the pleadings and evidence in the light most favorable to the

14 || nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be

15 || liberally construed  . . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v.*

16 || *Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

17 ||     In addition, pursuant to Local Rule 7, a plaintiff's failure to respond to a motion for

18 || summary judgment "may be considered by the court as an admission that the motion has merit."

19 || LCR 7(b)(2). Even in *pro se* cases, the Western District of Washington has taken a failure to

20 || respond to a motion as admission of its merit. *See Sutch v. World Savings Bank*, 2017 WL

21 || 202161, at *1 (W.D. Wash. Jan. 18, 2017) (considering failure to respond as an admission that

22 || the motion has merit); *Fuller v. Seattle Police Dep't*, 2016 WL 7375302, at *2 (W.D. Wash.

23 ||

24 ||

1  Dec. 20, 2016) (finding that failure to respond rendered all defendant's undisputed facts true for

2  the purpose of the motion).

3

4                                          **DISCUSSION**

5         As a preliminary matter, plaintiff has failed to respond to defendant Baker's motion.

6  Therefore, the Court takes this as an admission that defendant Baker's motion has merit. LCR

7  7(b)(2)

8         In addition, plaintiff initially named only defendant Baker and the Pierce County

9  Sheriff's Office as defendants. *See* Dkt. 7. However, the Pierce County Sheriff's Office has now

10  been dismissed from the case. Dkts. 19, 24. Thus, the only remaining allegations in this case are

11  the allegations against defendant Baker.

12       **I.       Fourth Amendment Unreasonable Seizure**

13            *A.  Integral and Personal Participation*

14         Plaintiff argues his Fourth Amendment rights were violated when he was bitten by a

15  police dog during his arrest. If an arrestee alleges that an officer violated his Fourth Amendment

16  protections, the officer may only be held liable if he performed functions "integral" to the Fourth

17  Amendment violation. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1089-90 (9th Cir. 2011).

18  Plaintiff must demonstrate defendant Baker personally or integrally participated in the alleged

19  actions. *See Strong v. City of Eugene*, 735 Fed. App'x 312, 314 (9th Cir. 2018) (finding members

20  of a SWAT team could not be held liable for excessive force when plaintiff had not shown they

21  were personally or integrally involved). Integral participation "'does not require that each

22  officer's actions themselves rise to the level of a constitutional violation.'" *Bonivert v. City of*

23  *Clarkston*, 883 F.3d 865, 879 (9th Cir. 2018). However, "the 'integral participant' doctrine does

24

REPORT AND RECOMMENDATION - 4

1    not implicate government agents who are 'mere bystanders'" to a constitutional violation. *Bravo*,

2    665 F.3d at 1090 (collecting cases). It is not sufficient that the officer was part of a "team effort"

3    that resulted in a violation. *See*, *e.g.*, *Gillen v. Arizona*, F. Supp. 3d 944, 958-59 (D. Ariz. July

4    25, 2017) (finding an officer who texted updates regarding a search to a fellow officer unlawfully

5    detaining plaintiff was insufficient to show integral participation). Rather, plaintiff must show

6    defendant had "some fundamental involvement in the conduct that allegedly caused the

7    violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). A bystander

8    may become integrally involved if he or she fails to uphold a constitutional duty, such as

9    protecting those in their custody. *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

10         Here, plaintiff alleges that defendant Baker violated his Fourth Amendment rights

11   because he was "assaulted by a K-9 police dog." Dkt. 7, p. 1. The undisputed evidence shows

12   plaintiff was with non-party Angela Dorsey when defendant Pierce County Deputy Sheriff Baker

13   began following them in his service vehicle. Dkt. 32, pp. 2-3. Plaintiff then fled from defendant

14   Baker in his car. Dkt. 32, pp. 2-3. The undisputed evidence also shows that plaintiff came to a

15   stop at a dead end and that he and non-party Dorsey began fleeing on foot. Dkt. 32, pp. 2-3. Non-

16   party Dorsey was apprehended, but plaintiff was able to flee into an area with heavy vegetation.

17   *Id*. Because of the number of hiding places, because it was dark and defendant Baker only had a

18   flashlight, and because defendant Baker was unsure whether plaintiff was armed, he determined

19   to request a canine search. Dkt. 32, p. 3. The undisputed evidence shows non-party Isaac Finch

20   arrived with a police dog, "Ammo," gave two verbal warnings that if plaintiff did not surrender

21   they would begin a canine search that could result in plaintiff being bitten, and proceeded to

22   engage in the canine search when plaintiff failed to surrender. Dkt. 32, p. 3; Dkt. 33, p. 4. It is

23

24

REPORT AND RECOMMENDATION - 5

1  also undisputed that plaintiff was in fact bitten by a police dog on the left knee when the police

2  dog discovered his hiding place. Dkt. 7, p. 1; Dkt. 31-2, p. 9; Dkt. 32, p. 4; Dkt. 33, p. 4.

3         However, defendant Baker has now produced evidence, undisputed by plaintiff, that he

4  was not the officer in control of the police dog at the time plaintiff was bitten. Dkt. 32, p. 4; Dkt.

5  33, p. 4. As noted above, non-party Finch was the officer in control of the dog when the dog bit

6  plaintiff. Dkt. 33, p. 4. Though defendant Baker called non-party Finch for a canine search, it

7  was non-party Finch who actually gave the command to begin the search, the one who was in

8  control of the police dog when it bit plaintiff, and the one who gave the command for the dog to

9  release plaintiff. *Id.* at pp. 4-5.

10        Further, though defendant Baker was present at the scene, he would not have been able to

11  prevent the dog from biting plaintiff even if he tried. *See* Dkt. 33. Defendant Baker has produced

12  undisputed evidence that the police dog is trained specifically to respond only to non-party

13  Finch. Dkt. 33, pp. 3-4. Thus, even if defendant Baker had a constitutional duty to prevent the

14  police dog from biting plaintiff under these circumstances, he had no control over the dog and

15  would not have been able to prevent the dog bite even if he tried. *See Viehmeyer v. City of Santa*

16  *Ana*, 67 Fed. App'x 470, 473-474 (9th Cir. 2003) (officers were not integrally involved in a

17  police dog biting a defendant, in part, because there was no reason to believe the officers, who

18  were not the dog's handlers, would have been able to prevent the bite).

19        Plaintiff's Fourth Amendment allegations focus solely on being bitten by the police dog –

20  they do not entail the subsequent arrest or defendant Baker's contact with plaintiff. Dkt. 4.

21  Though defendant Baker was the officer who was first on the scene and was present for the

22  alleged violation, he was not integrally or personally involved in the events that led to the dog

23  bite because defendant Baker was not in control of the dog. *See Dunn v. Hyra*, 676 F. Supp. 2d

24

1  1172, 1187 (W.D. Wash. Nov. 2, 2009) (finding an officer who was present, but did not actually

2  arrest rally attendee, could not be held liable for a Fourth Amendment violation); *Spry v. Pierce*

3  *County*, 2009 WL 1766520, at \*4 (W.D. Wash. June 18, 2009) (holding "more than just presence

4  at the scene" is required to hold officer liable for Fourth Amendment violation). Thus, plaintiff

5  has not demonstrated that defendant Baker was integrally and personally involved in any alleged

6  violation regarding being bitten by the police dog. Therefore, the Court recommends that

7  plaintiff's Fourth Amendment claim be dismissed on this ground.

8       *B. Reasonable Force*

9       Even if defendant Baker had acted integrally and personally by failing to prevent the dog

10  from biting plaintiff, plaintiff has still not shown that the force used was unreasonable. "All

11  claims that law enforcement officers have used excessive force – deadly or otherwise – in the

12  course of an arrest must be analyzed under the Fourth Amendment and its 'reasonableness'

13  standard." *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (citing *Graham v. Connor*,

14  490 U.S. 386, 395 (1989)). The Supreme Court has noted that "the 'reasonableness' inquiry in an

15  excessive force case is an objective one: The question is whether the officers' actions were

16  'objectively reasonable' in light of the facts and circumstances confronting them[.]" *Graham*,

17  490 U.S. at 397. Three factors to be considered when determining reasonableness include "[1]

18  the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety

19  of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade

20  arrest by flight." *Id*. at 396. However, these factors are not exclusive. Rather, "the reasonableness

21  of a seizure must instead be assessed by carefully considering the objective facts and

22  circumstances that confronted the arresting officers." *Smith*, 394 F.3d at 701 (citing *Graham*, 490

23  U.S. at 396). Thus, the question the Court considers is "whether the force used was reasonable in

24

1  light of *all* the relevant circumstances." *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991)

2  (emphasis in original).

3       The undisputed evidence shows that plaintiff attempted to elude defendant Baker by

4  speeding away in a car with non-party Dorsey. Dkt. 32, pp. 2-3. When he stopped, he and non-

5  party Dorsey then actively attempted to evade arrest by fleeing on foot. *Id*. Though non-party

6  Dorsey was apprehended, plaintiff was able to flee into an area with heavy vegetation. Dkt. 32,

7  pp. 2-3. Defendant Baker has stated that he had probable cause for arresting defendant for

8  attempting to elude a pursuing police vehicle, a felony under Washington law. *Id*. at p. 3; RCW

9  46.61.024. There were several outstanding warrants for plaintiff's arrest at that time, and he had

10 just fled into a rural area "littered with very thick vegetation that provided nearly endless hiding

11 spots." Dkt. 32, p. 3. The undisputed evidence shows that it was extremely dark at the time, with

12 the only available light coming from defendant Baker's flashlight. *Id*. Further, because plaintiff

13 had not been searched, defendant Baker and non-party Finch both state that they "could not rule

14 out the possibility of [p]laintiff being armed with a weapon." *Id*.; Dkt. 33, p. 3. Finally,

15 defendant Baker and non-party Finch were both aware that plaintiff had made threats during a

16 previous arrest, specifically stating "that he was not going to go easily the next time he was

17 arrested, and that law enforcement was 'going to get it.'" Dkt. 32, p. 3; Dkt. 33, p. 3.

18      In addition, the undisputed evidence indicates non-party Finch gave plaintiff two oral

19 warnings, stating that if plaintiff did not surrender, they would engage in a canine search that

20 could result in plaintiff being bitten by the police dog. Dkt. 32, pp. 3-4; Dkt. 33, p. 4. The canine

21 search did not commence until plaintiff failed to respond to either warning. Dkt. 32, p. 4; Dkt.

22 33, p. 4. The undisputed evidence shows, when the police dog located plaintiff, it bit his left knee

23 and pulled him out from under a trailer. *Id*. As plaintiff's body cleared the trailer, plaintiff was

24

REPORT AND RECOMMENDATION - 8

1    instructed to show the officers his hands. *Id*. The undisputed evidence also shows that non-party

2    Finch commanded the dog to release plaintiff as soon as plaintiff had complied with his

3    commands. Dkt. 33, p. 4.

4         Here, plaintiff has not shown that defendant Baker applied unreasonable force when

5    conducting a canine search to apprehend plaintiff. First, plaintiff was being pursued for eluding a

6    police vehicle, a felony in Washington and therefore a severe crime. *See Miller v. Clark County*,

7    340 F.3d 959, 964 (9th Cir. 2003) (citing *United States v. Hensley*, 469 U.S. 221, 229 (1985)

8    (finding the government has an interest in apprehending criminals, and "that interest is even

9    stronger when the criminal is . . . suspected of a felony, which is by definition a crime deemed

10   serious by the state") Thus, the severity of the crime factor favors defendant Baker.

11        Second, the Court examines the danger posed to the officers. Here, plaintiff had

12   attempted to elude defendant Baker in his car, he had several outstanding warrants, and

13   defendant Baker did not know whether plaintiff was armed. It was dark and plaintiff had just fled

14   into an area with heavy vegetation, full of hiding spots. Plaintiff remained silent after non-party

15   Finch provided two verbal warnings and defendant Baker did not know where plaintiff was.

16   Further, defendant Baker was aware that plaintiff had made a statement, saying he was not going

17   "to go easily" the next time he was arrested. Dkt. 32, p. 3. Thus, "[u]nder these objectively

18   menacing circumstances," defendant Baker was entitled to find plaintiff posed an immediate

19   threat to his and the other deputies' safety. *Miller*, 340 F.3d at 965 (finding a perception of

20   immediate threat was reasonable when a suspect was being pursued for the felony of eluding

21   police, had fled into a heavily wooded area, it was dark, the terrain was treacherous, and the

22   officer did not know whether the suspect was armed); *see also Beecher v. City of Tacoma*, 2012

23   WL 1884672, at *8 (finding officers faced objective concerns for their safety when pursuing a

24

REPORT AND RECOMMENDATION - 9

1   suspect at night, when it was unclear whether the suspect was armed, and he had fled into an

2   obstructed area). The perception of a threat factor therefore also favors defendant Baker.

3   Similarly, because it is undisputed plaintiff was actively evading arrest, that factor also favors

4   defendant Baker.

5       Therefore, here, defendant Baker did not use unreasonable force in apprehending

6   plaintiff. The crime for which plaintiff was being pursued was severe, the threat to defendant

7   Baker was immediate, and plaintiff was actively evading arrest. Defendant Baker called non-

8   party Finch, who engaged in a canine search. When plaintiff was located, the police dog bit his

9   knee, and he was released immediately when plaintiff complied with non-party Finch's

10  commands. Taking all these factors into account, the Court does not find, even if defendant

11  Baker had been integrally involved, that the use of a police dog to locate and arrest plaintiff was

12  an unreasonable use of force. Therefore, plaintiff's Fourth Amendment rights were not infringed

13  and the Court recommends defendant's motion (Dkt. 31) be granted as to the Fourth Amendment

14  claim.

15       **II.      Deliberate Indifference to Serious Medical Need**

16       Deliberate indifference to a prisoner's medical needs is defined by the Court as the

17  "unnecessary and wanton infliction of pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th

18  Cir. 1994). To show objective deliberate indifference, a "'mere lack of due care by a state

19  official'" is not sufficient. *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071). Rather,

20  "the plaintiff must 'prove more than negligence but less than subjective intent – something akin

21  to reckless disregard.'" *Id*.

22       A.  *Failure to Transport Plaintiff by Ambulance*

23

24

REPORT AND RECOMMENDATION - 10

1    Plaintiff states that, rather than taking plaintiff immediately to a hospital, defendant Baker

2  "placed plaintiff in [the] back seat of [a] patrol car[,] handcuffed and bleeding . . . ." Dkt. 7, p. 3.

3  Construed liberally, the Court interprets this allegation as a claim that defendant Baker acted

4  with deliberate indifference in violation of the Fourteenth Amendment.

5    Here, defendant Baker has provided undisputed evidence that, after the police dog

6  released plaintiff, he was placed in handcuffs and medical staff were called. Dkt. 32, p. 4; Dkt.

7  33, p. 5. The South Pierce Fire and Rescue responded and "provided [p]laintiff with initial

8  medical care." Dkt. 32, p. 4. After receiving that care, plaintiff was placed in defendant Baker's

9  police cruiser with non-party Dorsey. *Id*. It is undisputed the emergency personnel who treated

10  plaintiff instructed defendant Baker to take plaintiff to the hospital – though they presumably had

11  emergency vehicles, they elected not to transport plaintiff themselves. *Id*. Defendant Baker then

12  dropped non-party Dorsey off before proceeding directly to Allenmore Hospital for additional

13  treatment for plaintiff. *Id*. After plaintiff received treatment, defendant Baker booked him into

14  the Pierce County Jail. *Id*. The undisputed evidence indicates he had no further involvement with

15  plaintiff after that. *Id*. at p. 5.

16    Here, plaintiff has not shown defendant Baker treated him with deliberate indifference for

17  not sending him to the hospital in an ambulance. After plaintiff was injured, emergency

18  personnel arrived on the scene and provided initial treatment. They then instructed defendant

19  Baker to take plaintiff to the hospital for further treatment. It is undisputed that, immediately

20  after dropping non-party Dorsey off, defendant Baker proceeded with plaintiff directly to the

21  hospital. Defendant Baker did not know of and yet ignore plaintiff's injuries by not placing him

22  in the ambulance. To the contrary, he provided care by ensuring plaintiff was examined by

23  emergency personnel and then transporting him to the hospital himself. Therefore, because

24

REPORT AND RECOMMENDATION - 11

1 | defendant Baker ensured plaintiff received treatment for his dog bite, the Court does not find

2 | defendant Baker's actions were objectively deliberately indifferent. *Gordon*, 888 F.3d at 1124-

3 | 25. Thus, plaintiff has not shown defendant Baker violated his constitutional protections.

4 | Therefore, the Court recommends granting defendant Baker's motion (Dkt. 31) as to plaintiff's

5 | Fourteenth Amendment claim for not transporting him to the hospital in an ambulance.

6 |     *B. Premature Removal of Stitches*

7 |     Plaintiff argues his constitutional protections against cruel and unusual punishment were

8 | also violated when jail medical staff removed a set of stitches too early, causing additional harm

9 | after he was bitten by the police dog. Dkt. 7, pp. 1-2. However, plaintiff has only stated that

10 | while he was "under the care of medical staff, [the] wound was reopened [due] to medical staff

11 | removing stitches to[o] soon . . . ." Dkt. 7, p. 2. Here, plaintiff only named defendant Baker and

12 | the Pierce County Sheriff's Department as defendants in this action, and the only remaining

13 | defendant at this stage is defendant Baker. *See* Dkts. 7, 19, 24. Plaintiff has made no allegations

14 | and provided no evidence that defendant Baker had any involvement in plaintiff's alleged harm

15 | caused by the early removal of stitches. Further, defendant Baker has provided evidence that he

16 | took plaintiff to a hospital for treatment, booked him into the Pierce County Jail, and had no

17 | further involvement with him. Dkt. 32, p. 4. Thus, the undisputed facts indicate defendant Baker

18 | had no involvement in plaintiff's alleged constitutional violation regarding the premature

19 | removal of his stitches. Therefore, the Court recommends defendant Bakers's motion (Dkt. 31)

20 | be granted as to that claim.

21 |     **III.  Malicious Prosecution**

22 |     Plaintiff finally argues that defendant Baker violated his constitutional rights when he

23 | filed a false police report that was provided to the prosecutor. *See* Dkt. 7, p. 3. There is a

24 |

1   rebuttable presumption that, because a prosecutor exercises independent judgment, investigating

2   officers are generally insulated from liability for any charging decisions. *Awabdy v. City of*

3   *Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). That presumption may be rebutted if plaintiff can

4   show an officer "improperly exerted pressure on [a] prosecutor, knowingly provided

5   misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or

6   bad faith conduct that was actively instrumental in causing the initiation of legal proceedings."

7   *Id*. However, "[a] plaintiff's account of the incident in question, by itself, does not overcome the

8   presumption of independent judgment." *Newman v. County of Orange*, 457 F.3d 991, 994 (9th

9   Cir. 2006). Rather, "a plaintiff must present information in addition to his own account that

10   contradicts the police report" in order to show the prosecutor relied on the false police report

11   when charging plaintiff. *Beck v. City of Upland*, 527 F.3d 853, 863 n.9 (9th Cir. 2008) (citing

12   *Newman*, 457 F.3d at 994-95).

13      Here, plaintiff first states defendant Baker "failed to report this vicious assault in his

14   police report submitted to the prosecutor's office." Dkt. 7, p. 2. However, defendant Baker has

15   submitted his police report stating that "canine AMMO located and contacted [plaintiff] who was

16   underneath a utility trailer. [Plaintiff] was contacted on his left knee. . . ." Dkt. 31-2, p. 9.

17   Though defendant Baker did not call the contact an "assault," he has provided evidence that he

18   did, in fact, include a description of the event in his police report. He also reported that plaintiff

19   received immediate medical care for the bite at the scene, and was later transported to the

20   hospital for additional medical care. *Id*. at pp. 9-10. Thus, insofar as plaintiff alleges defendant

21   Baker failed to tell the prosecutor that he was bitten by the dog, the Court finds there is evidence

22   that defendant Baker did in fact report the incident, and so declines to accept plaintiff's

23   allegations as true. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell

24

REPORT AND RECOMMENDATION - 13

1 two different stories, one of which is blatantly contradicted by the record, so that no reasonable

2 jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a

3 motion for summary judgment").

4      Next, plaintiff argues that defendant falsified his report because he "wrote this ridiculous

5 story in police report [sic] about [p]laintiff fleeing in a car, and saying 'the meth and pipe in the

6 vehicle were his.'" Dkt. 7, p. 3. However, plaintiff has provided nothing in the way of evidence

7 to support his assertion that defendant Baker's account was fabricated. Because plaintiff's only

8 evidence that defendant Baker lied is that defendant Baker's account differs from plaintiff's

9 account, plaintiff has not shown defendant Baker submitted a false report. *See Sloman v.*

10 *Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994) (finding a plaintiff's malicious prosecution claim

11 based on a false report failed when he "d[id] not point to any evidence of fabrication, other than

12 the fact that the officers' report were inconsistent with [plaintiff's] own account of the incidents

13 leading to his arrest"). Thus, plaintiff has failed to demonstrate he was subjected to malicious

14 prosecution based on the allegedly false report submitted by defendant Baker. Therefore, the

15 Court recommends defendant Baker's motion (Dkt. 31) be granted as to the malicious

16 prosecution claim.

17 **CONCLUSION**

18      For the reasons set forth above, the Court recommends that defendant Baker's motion

19 (Dkt. 31) be granted and plaintiff's action dismissed with prejudice.

20      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

21 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

22 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

23 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

24

REPORT AND RECOMMENDATION - 14

1    of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

2    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

3    imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 2,

4    2018 as noted in the caption.

5        Dated this 15th day of October, 2018.

6

7

8

                         J. Richard Creatura

9                          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 15